CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

**15 CV 1132**

JUDGE WOODS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SAMUEL DIOS and VICENTE ROMANO PICHON, on behalf of themselves and others similarly situated, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| -against- | **FLSA COLLECTIVE ACTION** |
| PASTA & POTATOES, INC., doing business as VILLAGE LANTERN, or any other business entity doing business as VILLAGE LANTERN, located at 167 Bleecker Street, New York, NY 10012, CAROL BRADY, EDWARD BRADY, and NANCY BRADY, | ECF CASE |
| Defendants. | |

---

Plaintiffs, Samuel Dios and Vicente Romano Pichon ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Pasta & Potatoes, Inc., doing business as The Village Lantern, located at 167 Bleecker Street, New York, NY, or any other business entity doing business as The Village Lantern, located at 167 Bleecker Street, New York, NY, and Carol Brady, Edward Brady, and Nancy Brady, individually, (collectively referred to herein as the "Defendants"), and state as follows:

**INTRODUCTION**

1.      Plaintiffs, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) statutory penalties and liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343.  This court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5.      Plaintiffs are adult residents of New York City.

6.      Defendant, Pasta & Potatoes, Inc., is a domestic business corporation, doing business as The Village Lantern (herein referred to as "Village Lantern"), with a principal place of business at located at 167 Bleecker Street, New York, NY 10012.

7.      Defendant, Village Lantern, is a domestic business corporation organized under the laws of the State of New York, owning and operating a restaurant in New York City.

8.     Upon information and belief, Defendant, Carol Brady, is an owner, officer, director and/or managing agent of Village Lantern, whose address is unknown at this time and who participated in the day-to-day operations of Village Lantern, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Village Lantern.

9.     Upon information and belief, Defendant, Edward Brady, is an owner, officer, director and/or managing agent of Village Lantern, whose address is unknown at this time and who participated in the day-to-day operations of Village Lantern, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Village Lantern.

10.     Upon information and belief, Defendant, Nancy Brady, is an owner, officer, director and/or managing agent of Village Lantern, whose address is unknown at this time and who participated in the day-to-day operations of Village Lantern, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Village Lantern.

11.     Plaintiff, Samuel Dios, was employed by Defendants in New York County, New York, to work as a cook and kitchen helper, for Defendants' restaurant and bar known as "The Village Lantern" from in or about 2004 until February 4, 2015.

12.     Plaintiff, Vicente Romano Pichon, was employed by Defendants in New York County, New York, to work as a cleaner and barback, for Defendants' restaurant and bar known as "The Village Lantern" from on or about September 2013, through January 19, 2015.

13.     At all relevant times, Village Lantern was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     Village Lantern employed plaintiffs pursuant to the FLSA.

15.     At all relevant times, the work performed by Plaintiffs was essential to the business operated by Village Lantern.

16.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, in contravention of the FLSA and New York Labor Law.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

19.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20.     In or about 2004, Plaintiff, Samuel Dios, was hired by Defendants to work as a cook at Defendants' restaurant and bar known as "The Village Lantern" located at 167 Bleecker Street, New York, New York 10012.

21.     Plaintiff, Samuel Dios, worked for the Defendants until February 4, 2015.

22.     During Plaintiff Samuel Dios' employment by Defendants, he worked over forty (40) hours per week.  Plaintiff generally worked six (6) days per week, and his work shift

4

consisted of eight (8) hours per shift on weekdays and twelve (12) hours per shift on weekends, for a total of approximately fifty-six (56) working hours per week.

23.     Plaintiff Samuel Dios was not paid overtime wages. Plaintiff was paid an hourly wage of $8.00 per hour, in cash, and worked fifty-six (56) hours each week. His compensation was increased to $9.00 per hour in early 2014. Plaintiff was not paid any additional compensation for work performed above forty (40) hours per week; he was not paid at time and one-half his hourly rate of pay as required by state and federal law.

24.     In or about September 2013, Plaintiff, Vicente Romano Pichon, was hired by Defendants to work as a general helper, barback, and cleaner, at Defendants' restaurant and bar known as "The Village Lantern" located at 167 Bleecker Street, New York, New York 10012.

25.     Plaintiff, Vicente Romano Pichon, worked for the Defendants continuously from September 2013, through January 19, 2015.

26.     During Plaintiff Vicente Romano Pichon's employment by Defendants, he often worked over forty (40) hours per week.  Beginning in April 2014, Plaintiff Vicente Romano Pichon generally worked six (6) days per week, and his work shift consisted of ten (10) to eleven (11) hours per day, for an approximate total of sixty-two (62) working hours per week.

27.     Plaintiff Vicente Romano Pichon was not paid wages for all hours worked, or overtime wages. Plaintiff was initially paid a weekly wage of $175.00, in cash. Following April 2014, his compensation was $600.00 per week, in cash. Plaintiff was not paid any additional compensation for work performed above forty (40) hours per week; he was not paid at time and one-half his regular rate of pay as required by state and federal law.

28.     Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

5

29.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

31.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

32.     Defendant, Carol Brady, is an individual who, upon information and belief, owns the stock of Village Lantern, owns Village Lantern, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

33.     Defendant, Edward Brady, is an individual who, upon information and belief, owns the stock of Village Lantern, owns Village Lantern, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

34.     Defendant, Nancy Brady, is an individual who, upon information and belief, owns the stock of Village Lantern, owns Village Lantern, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

35.     Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

36.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

39.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40.     At all relevant times, Defendants had a policy and practice of refusing to pay the wages to Plaintiffs for all of their hours worked.

41.     Defendants failed to pay Plaintiffs and similarly situated employees minimum wages in the lawful amount for all hours worked.

42.     Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

43.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

44.     At all relevant times, Defendants had, and continues to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate plaintiffs at the statutory overtime rate of time and one-half their regular rate for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

46.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and similarly situated employees, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47.     Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated employees and the actual compensation paid to Plaintiffs and similarly situated employees are in the possession and custody of the Defendants.  Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48.     Defendants failed to properly disclose or apprise Plaintiffs, of their rights under the FLSA.

49.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

50.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Wage Theft Prevention Act]

52.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53.     At all relevant times, Plaintiffs and similarly situated employees were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

54.     Defendants knowingly and willfully violated Plaintiffs' and similarly situated employees' rights by failing to pay Plaintiffs and similarly situated employees overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs and similarly situated employees for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

56.     Due to the Defendants' New York Labor Law violations, Plaintiffs and similarly situated employees are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

Plaintiffs also seeks liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

57.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

59.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

60.     Plaintiff and others similarly situated were paid their wages in cash, and not provided with a wage statement as required by law.

61.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Samuel Dios and Vicente Romano Pichon, on behalf of themselves, and similarly situated employees, respectfully request that this Court grant the following relief:

(a)     An award of unpaid wages and overtime wages under the FLSA and New York Labor Law;

(b)     An award of unpaid "spread of hours" premium under the New York Labor Law;

10

(c)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and specifically the New York Wage Theft Prevention Act;

(d)      Statutory penalties for failing to provide a wage statement to plaintiffs and other similarly situated employees;

(e)      An award of prejudgment and post-judgment interest;

(f)      An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(g)      Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      February 18, 2015

                    Respectfully submitted,

                    CILENTI & COOPER, PLLC
                    **Attorneys for Plaintiffs**
                    708 Third Avenue – 6th Floor
                    New York, NY 10017
                    Telephone  (212) 209-3933
                    Facsimile  (212) 209-7102

By:           _____
                    Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Samuel Dios_, am an employee formerly employed by _Village Lantern_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_02 | 05_ , 2015

Sworn to before me this _05_
day of _February_ 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Vincente Romano-Pichoa_ am   an   employee   formerly ‘ employed   by

_____Village Lantern_____, and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
_____02|05_____, 2015

Sworn to before me this _05_
day of _February_ 2015.

_____
Notary Public

PETER H. COOPER
**Notary** Public, State of New York
No. 02CO6069941
**Qualified** in NEW YORK County
**Commission** Expires MAY 6, 20_18_