```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK


In re:                                    :
                                                 Docket #15-cv-1132
 SAMUEL DIOS, et al,                      :
                    Plaintiffs,
                                          :
  - against -
                                          :
 PASTA & POTATOES, INC., et al,              New York, New York
                                          : July 20, 2015
                    Defendants.
------------------------------------- :

                         PROCEEDINGS BEFORE
                    THE HONORABLE FRANK MAAS,
            UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:          CILENTI & COOPER, P.L.L.C.
                         BY:  PETER H. COOPER, ESQ.
                         708 Third Avenue - 6th Floor
                         New York, New York 10017
                         212-209-3933

For the Defendants:      TARTER, KRINSKY & DROGIN, LLP
                         BY:  RICHARD L. STEER, ESQ.
                         1350 Broadway
                         New York, New York 10018




Transcription Service:   Carole Ludwig, Transcription Services
                         141 East Third Street #3E
                         New York, New York 10009
                         Phone:  (212) 420-0771
                         Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription
```

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|
| None | | | | |

```
 1                                                         3
 2              MR. PETER COOPER:  -- did not feel well today,
 3   Judge.  He gave us full authority to resolve this case.
 4   We're hopeful and optimistic, Judge.
 5              MR. RICHARD STEER:  Tarter, Krinsky & Drogin, LLP,
 6   by Richard L. Steer.
 7              THE CLERK:  This is a settlement conference in
 8   Samuel Dios, et al against Pasta & Potatoes, Incorporated,
 9   doing business as Village Lantern, et al.
10              MR. STEER:  Your Honor, before we go on the
11   record, give me a moment, would you?
12              HONORABLE FRANK MAAS (THE COURT):  Yes.
13              MR. COOPER:  Good afternoon, Judge.  Peter Cooper
14   for the plaintiff, accompanied by Mr. Vicente Romano
15   Pichon; my assistant, Jeanette Pena, who's been translating
16   throughout the morning and into the afternoon.  And not
17   present is Mr. Dios, but we've had full authority to settle
18   on his behalf throughout the day.
19              MR. STEER:  Tarter, Krinsky & Drogin, by Richard
20   Steer, attorneys for the defendants.  And with me today are
21   Edward Brady, Nancy Brady, and Carol Brady, the individual
22   defendants.
23              And we have reached an agreement, your Honor.
24              THE COURT:  Having conferred with both sides, it's
25   my understanding that the case will be dismissed today with
```

```
 1                                                          4
 2   prejudice and without cost on terms that I will outline,
 3   and the parties will consent to my jurisdiction for the
 4   limited purpose of entering the order of this continuance.
 5             The terms of the settlement are confidential, and
 6   the record of this proceeding will be sealed except that
 7   counsel for either side may order a copy of the transcript.
 8             The financial terms are that the defendants will
 9   pay the sum of $22,500, in total, to Mr. Cooper and his two
10   clients, 5,000 of which will be paid on September 15; for
11   the following eight months on the 15th of the month, $2,000
12   will be paid; and in the last month, $1,500 will be paid.
13   Obviously, the plaintiffs will both issue or sign, I should
14   say, general releases as against all three defendants.
15   Three of the defendants, namely, the corporate defendant,
16   Edward Brady, and Nancy Brady, will sign a confession of
17   judgment for twice the amount of the settlement, namely,
18   $45,000.  Carol  Brady will not sign that confession of
19   judgment.  There further will be an undertaking because
20   Mr. Pichon has at times performed services for somebody
21   named Mr. Suarez, who in turn at times has performed
22   services at a construction site where Edward Brady is
23   working; that Mr. Pichon is not an employee of either Edward
24   Brady or his construction company in relation to any work
25   being performed at that site on the Upper East Side where I
```

                                                                    5

believe a restaurant is being constructed.

           MR. STEER:  Your Honor, if I may?

           THE COURT:  Yes.

           MR. STEER:  And that he's also not an employee of whoever was building that restaurant, the restaurant operator as of this time.

           THE COURT:  Yes, I'm sure that won't be a problem, correct, Mr. Cooper?

           MR. COOPER:  Not a problem, Judge; he says he doesn't work there.

           THE COURT:  And I think those are the essential deal terms.  Have I left anything out?

           MR. STEER:  Your Honor, one thing with regard to the payment, it's actually being made by Pasta & Potatoes and with Brady on behalf of all defendants.  But the confession of judgment will be from --

           THE COURT:  I don't think they care whether I write the check or you write the check or one of the defendants writes the check, the critical issue is that the payment is received.  And whether it's Edward Brady or Nancy Brady or Pasta & Potatoes, if a check that clears is not received, then the confession of judgment would come into being.

           I'd also suggest, although we didn't expressly discuss it, that there be a five-day notice to cure --

```
 1                                                              6
 2              MR. COOPER:  We agreed to that, Judge.  Five
 3   business days.
 4              MR. STEER:  Five business days.  We had discussed
 5   it between counsel, actually, your Honor.
 6              MR. COOPER:  And we will give notice to counsel of
 7   any default, upon which they will have -- the defendants will
 8   have five business days to cure.  The payments should be made
 9   payable to Cilenti & Cooper as attorneys for the plaintiffs.
10   We will disburse after, you know, deducting any attorney's
11   fees on a monthly basis, we'll disburse it to the two
12   plaintiffs proportionate to the amount of the alleged unpaid
13   wages.  The plaintiffs will hold harmless and indemnify the
14   defendants from any liability or claim for unpaid -- failure
15   to withhold or pay taxes.  They will be responsible for their
16   own taxes on these monies.
17              And the only other thing is that this -- we hope
18   this goes well.  This dismissal with prejudice and this
19   general release is conditioned upon these payments being made,
20   of course.  The confession of judgment is triggered only if
21   the payments are not made, but we hope not to go down that
22   path, Judge.
23              THE COURT:  And in fact, what I will do is -- and
24   I'll ask my law clerk to correct it -- rather than the 30-day
25   order, I'll make it a 60-day order to ensure that at least the
```

```
                                                              7
 1
 2   first payment has been --
 3             MR. COOPER:  We appreciate that, Judge.
 4             THE COURT:  -- cleared.
 5             MR. STEER:  Can we also just have on the record so
 6   if we get a transcript, where the payments should be made,
 7   where Mr. Cilenti wants --
 8             THE COURT:  I assume the details of that counsel
 9   will work out.  Let me --
10             MR. COOPER:  One other thing I would like to add,
11   of course, the payments should be delivered to my office.
12   I'll give you my card.
13             But if, for example, we are forced to enforce this
14   agreement or either side -- if the defendants, of course, have
15   a right to enforce confidentiality -- if either side has to
16   enforce any provisions of this agreement, they should be
17   entitled -- if they prevail, they should be entitled to
18   collect their attorney's fees, as well.
19             MR. STEER:  Your Honor, I have some concerns about
20   that, frankly.
21             THE COURT:  Yes.  I think the confession of judgment
22   deals with that, Mr. Cooper.
23             MR. COOPER:  Okay.
24             THE COURT:  I know that your colleague has been
25   translating -- and, I'll add, quite ably, for Mr. Pichon, who
```

```
 1                                                                  8
 2   is here.  So let me ask, Mr. Pichon, do you understand the
 3   terms of the agreement, and are those acceptable to you?
 4             MR. VICENTE ROMANO PICHON (Through Interpreter):
 5   Yes.
 6             THE COURT:  Do you understand that you may not
 7   discuss the terms of this settlement with anyone other than
 8   your accountant, if you have an accountant?
 9             MR. PICHON (Through Interpreter):  Yes.
10             THE COURT:  And do you understand that the
11   defendants will have the right to pursue remedies if you
12   disclose the amount of the settlement to any third parties
13   such as other employees of Pasta & Potatoes?
14             MR. PICHON (Through Interpreter):  Yes.
15             THE COURT:  And, Mr. Steere, subject to the various
16   bells and whistles we've added in the last few minutes, those
17   terms are acceptable to you?
18             MR. STEER:  Yes, your Honor.
19             THE COURT:  And, Edward Brady, those terms are
20   acceptable to you?
21             MR. EDWARD BRADY:  Yes, your Honor.
22             THE COURT:  Nancy Brady?
23             MS. NANCY BRADY:  Yes.
24             THE COURT:  And Carol Brady?
25             MS. CAROL BRADY:  Yes.
```

```
 1
 2              THE COURT:  Let me ask that just Edward and Nancy
 3  Brady and Mr. Pichon and counsel sign the stipulation of this
 4  continuance.  You've already said that you have full authority
 5  from your other client, Mr. Dios, correct?
 6              MR. COOPER:  Yes, Judge.
 7              THE COURT:  So let me ask counsel and the parties to
 8  sign.
 9              MR. STEER:  Your Honor, may we just have it shown
10  that it's with prejudice, since it --
11              THE COURT:  It says it in there, doesn't it?
12              MR. STEER:  It's an either/or.
13              THE COURT:  Oh, well, yes.  Let me suggest you
14  correct that.
15              MR. STEER:  Correct it and initial it?
16              THE COURT:  Yes.
17              Once this is filed, I assume Judge Woods will cancel
18  the August 12 conference.
19              MR. STEER:  Your Honor, one thing I'd also like to
20  make clear on the record, that Mr. Samuel Dios, the other
21  plaintiff, will be made aware of his obligation to keep
22  everything confidential.
23              MR. COOPER:  Yes, no problem, Judge.
24              THE COURT:  Is counsel planning to reduce this to a
25  more detailed writing?
```

                                                                      10

 2          MR. COOPER:  Judge, this is the agreement.  I think
 3  counsel and I have agreed this is the agreement.
 4          THE COURT:  Okay.
 5          MR. COOPER:  If they want anything further, we are
 6  happy to execute it.  They just have to send it to me.  But I
 7  think this is -- these are the material terms of the
 8  agreement.
 9          MR. STEER:  I agree, your Honor.
10          Thank you, your Honor.
11          THE COURT:  Thank you, all.  Have a good day.
12          MR. COOPER:  Thank you, your Honor.
13          (Whereupon, the matter is adjourned.)

```
 1                                                              11
 2
 3                       C E R T I F I C A T E
 4
 5           I, Carole Ludwig, certify that the foregoing
 6   transcript of proceedings in the case of Dios et al v.
 7   Pasta & Potatoes, Inc., et al, Docket #15-CV-01132-GHW, was
 8   prepared using digital transcription software and is a true
 9   and accurate record of the proceedings.
10
11
12
13   Signature_____
14
15   Date:    August 18, 2015
```